No. 38.—JOHN C. FULLER, plaintiff in error *vs.* THE STATE OF GEORGIA, defendant.

[1.] The Act of 1851–2 directs that the original bill of exceptions be sent up to the Supreme Court. If a copy be sent up, the mistake cannot be remedied by the Clerk's certifying the original, after issue joined.

Indictment from Fayette Superior Court.

On motion to dismiss the writ of error in this case, on the ground that a copy bill of exceptions had been sent up and not the original: *Ordered*, that the writ of error be dismissed.

BOYD & NOLAN for plaintiff in error.

TIDWELL, Sol. Gen., for defendant.

*By the Court.*—NISBET, J., delivering the opinion.

[1.] The defendant in error joined issue with a protest, upon

the ground that the Clerk has not sent up the original bill, as required by the Statute.    Instead of the original, he has sent up a copy.    The act of 1851–2 directs the original to be sent up, and a copy to be retained.    (*Pamphlet, p.* 215.)

The original bill being brought into Court, it was proposed to substitute it for the copy, and proceed with the cause.    To which it is sufficient to reply, that we cannot recognise any thing to be the original bill but that which is certified to be such by the Clerk.    The Clerk being present, it was suggested that his certificate would be now added.    This is impossible.    We have several times ruled, that we will allow no new certificate after the case is returned.    If it were possible, which we cannot admit, to allow it after the opening of the term, and before issue joined, it is out of the question to think of it, after the issue is joined.    The duties of the clerk must be performed at the time and in the way the Law directs.    Nor can the plaintiff in error be relieved by a rule against the clerk under the act of 1852.    That act contemplates a wilful refusal or total neglect, failure or omission on the part of the clerk to send up the papers.    In that event there would be no case returned, and resort to a rule against him would not operate a continuance. Here the papers are sent up; the clerk has neither neglected, nor refused, nor failed to send up the papers—he has only not understood his duty, and has sent them up irregularly.    The case is on our docket and the pleadings made up.    If now, the plaintiff could move against the clerk, the effect would be the postponement of the hearing until his return could be regularly made to the rule.    That nine cases out of ten could not be had at the term at which it is moved, and a continuance would be the result.    By the Constitution, we are to try every cause at the term to which it is returned, unless continued for *providential cause.*    There is no such *cause* to be found in the misapprehension by the clerk of his duty.    (*Acts of* 1851–52, *Pamphlet, p.* 214, 215, 216.)

With the original bill, it is of course unnecessary to send up a copy.

The motion to dismiss the writ is granted.    Let an order to that effect be entered on the minutes.